UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――x

In re: CHARLES DeGENNARO, III,

                Debtor,                No. 20 Civ. 7958 (CM)

―――――――――――――――――――――――――――――――x

CRESCENT ELECTRIC SUPPLY COMPANY, INC.
OF NEW YORK,

    Plaintiff-Appellee,

-against-

CHARLES DeGENNARO, III,

    Defendant-Appellant.

―――――――――――――――――――――――――――――――x

**ORDER GRANTING TEMPORARY STAY**

McMahon, C.J.:

    Debtor-Appellant Charles DeGennaro moves this Court for an emergency stay of an order of the United States Bankruptcy Court for the Southern District of New York (Morris, B.J.), dated September 4, 2020 which imposed sanctions on DeGennaro for not complying with certain discovery orders. (Dkt. No. 3, Exh. 16) The Court assumes the parties' familiarity with facts of the underlying bankruptcy leading up to the imposition of sanctions. The stay is GRANTED, but only on the condition that the appeal be briefed on an expedited basis as outlined below.

    The order on appeal sanctions DeGennaro for his failure to comply with certain discovery orders. The order requires DeGennaro to pay $2,800 in attorney's fees, and $22,500 in discovery-related sanctions at the rate of $250 per day for each day that DeGennaro failed to produce all documents as directed by the Bankruptcy Court. The sanction was capped at 90 days.

    It is undisputed that DeGennaro did not file formal motion papers in the Bankruptcy Court. The law on this issue is clear: a party seeking "a stay of a judgment, order, or decree of a Bankruptcy Court pending appeal" must ordinarily "move first in the bankruptcy court for the . . . relief[.]" Fed. R. Bankr. P. 8007. *See also In re Anderson*, 560 B.R. 84, 90 (S.D.N.Y. 2016).

However, DeGennaro did ask the Bankruptcy Court, during the August 27, 2020 hearing after which the sanctions order was imposed, whether it would consider a stay. Judge Morris responded, "Absolutely not." (Dkt. No. 3, Exh. 15, pg. 86). It would exalt form over substance to conclude that DeGennaro did not first seek a stay from the Bankruptcy Court within the meaning of Rule 8007. I conclude that this court has jurisdiction to consider his application.

In the Second Circuit, a movant seeking a stay must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in its favor. *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

In support of his application, DeGennaro states that he is unable to pay the sanctions. That is ordinarily not an irreparable injury; and while the court can imagine many potentially irreparable injuries that would follow if a person in bankruptcy had to part with that sum of money, DeGennaro does not identify any. However, failure to grant the stay would moot the appeal. And it is hard to see what prejudice Crescent would suffer if the stay were granted – especially on the only terms I am prepared to offer – as interest will continue accruing and it will be able to collect its money in a few weeks if DeGennaro does not prevail on appeal.

While DeGennaro's papers do not show that he is likely to succeed on the merits of his appeal, he has identified sufficiently serious question going to the merits to allow him to argue that the sanctions were an abuse of discretion. DeGennaro insists that he was unable to comply with the Bankruptcy Court's discovery order because he did not have access, and could not obtain, several of the documents requested. He also argues that, while Crescent's adversary proceeding seeks to recover for goods sold to DeGennaro's company in 2017, the discovery order required him to produce documents going back to 2011, and so was overbroad. *See* Fed. R. Civ. P. 26(b)(1); *see also Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023 (S.D.N.Y. June 21, 2002). Whether he can convince this court that the sanctions order should be overturned as a result remains to be seen, but I will give him a chance to do so.

But if he wants to take advantage of that chance, he will have to move quickly. The court grants a stay of the September 4 order imposing sanctions. The stay will expire by its terms at 5 PM on Friday, October 9, 2020 – one week from today – unless DeGennaro has filed his brief on appeal. It does not matter whether the Bankruptcy Court Clerk's Office is able to transmit the record on appeal by that time; the parties appear to have put most of the pertinent documents before this court in connection with the instant motion, and what I want is the brief on appeal. DeGennaro has one week to get it filed on this court's ECF system.

If DeGennaro gets his brief in on time, the stay will continue through 5 PM on October 30. Crescent should file its brief in opposition to the appeal by 5 PM on Friday, October 16. DeGennaro must file his Reply Brief no later than 5 PM on Wednesday, October 21. By file, I mean post the brief on ECF. I will do my best to get the appeal decided by October 30.

The parties shall endeavor to have the record transmitted to this court forthwith.

      The conference currently scheduled for Monday, October 5 at 11:00AM is cancelled. The parties have their scheduling order. Get this appeal briefed.

Dated: October 2, 2020

                                                 Chief Judge

BY ECF TO ALL COUNSEL