**KORSINSKY & KLEIN, LLP**
Michael Korsinsky (MK-8900)
Marc Illish (MI-6369)
2926 Avenue L
Brooklyn, NY 11210
Tel: 212-495-8133
Fax: 212-419-3893
Email: mk@kklawfirm.com
*Attorneys for CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
———————————————————————

| | |
|---|---|
| In re: | Chapter 7 |
| CHARLES DeGENNARO, III | Case No. 18-35222 (CGM) |
| Debtor. | |

———————————————————————

| | |
|---|---|
| CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK, | Appellate Case No. 20-cv-7958(CM) |
| Plaintiff, | Adv. Pro. No. 18-09032 (CGM) |
| v. | |
| CHARLES DeGENNARO, | |
| Defendant. | |

———————————————————————


**<u>RESPONSIVE BRIEF IN OPPOSITION TO APPEAL</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. 3

PRELIMINARY STATEMENT ...................................................................................... 9

STATEMENT OF FACTS ............................................................................................... 9

PROCEDURAL HISTORY............................................................................................ 10

STANDARD OF REVIEW ............................................................................................ 15

ARGUMENT.................................................................................................................. 18

I.      DEBTOR WILLFULLY VIOLATED THE COURT'S ORDERS ....................................... 18

II.     DEBTOR HAS NOT "SUBSTANTIALLY JUSTIFIED" HIS CONTEMPT................. 22

III.    OTHER CIRCUMSTANCES DO NOT ABSOLVE DEBTOR'S VIOLATIONS .......... 26

IV.     THE COURT FOUND THE DISCOVERY TO BE WARRANTED.............................. 29

V.      THE SANCTIONS AGAINST DEBTOR WERE WARRANTED................................. 33

CONCLUSION.............................................................................................................. 35

## TABLE OF AUTHORITIES

Cases

*Almonte v. Hines*, No. 15 Civ. 6843 (HBP), 2016 U.S. Dist. LEXIS 160361 at *1 (S.D.N.Y. Nov. 18, 2016) ............................................................................................................. 19

*Annunziato v. Collecto, Inc.*, 304 F.R.D. 360, 362 (EDNY 2015) ............................................... 26

*Arista Records LLC v. Lime Group LLC*, 715 F. Supp. 2d 481, 502 (SDNY 2010) ................... 32

*Atlas Bldg. Sys., Inc. v. Rende*, 236 A.D.2d 494, 653 N.Y.S.2d 694, 695 (App. Div. 1997) ....... 30

*Baggett v. Sherman (In re Sherman)*, 2017 Bankr. LEXIS 623, *10 (Bankr. NDNY 2014) ....... 32

*Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997) ............ 27

*Bleichman v. Sapir (In re Heilpern)*, 2018 U.S. Dist. LEXIS 170252, *5 (S.D.N.Y. 2018) (CJ McMahon) ............................................................................................................. 18

*Bullock v. BankChampaign N.A.*, 133 S.Ct. 1754, 1759 (2013) .................................................. 31

*Carmody v. Vill. of Rockville Ctr.*, 2007 U.S. Dist. LEXIS 50933 (EDNY 2007) ...................... 24

*Cine Forty- Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) ............................................................................................................... 26

*Cooper v. Parsky*, 140 F.3d 433, 440-41 (2d Cir. 1998) ............................................................. 32

*C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1313 (2d Cir. 1997) ..................................................................................................................... 17

*Curtis Lumber Co. v. Waldron* (In re Waldron), 2015 Bankr. LEXIS 3749 (NDNY 2015) ........ 31

*D.A. Elia Constr. Corp. v. Damon & Morey, LLP (In re D.A. Elia Constr. Corp.)* 2006 WL 1720361, at *7 (W.D.N.Y. 2006) ............................................................................ 17

*Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ..................................................................................................................... 20

*Debtor Found. Contrs., Inc. v. Arch Ins. Co.*, 2011 U.S. Dist. LEXIS 1557, *4-5 (SDNY 2011)34

*DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 79 (2d Cir. 1998)...... 16

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005) .......... 17

*Fogg v. Pearl (In re Pearl)*, 502 B.R. 429, 441 (Bankr. E.D. Pa. 2013) ...................................... 31

*Gator Monuments Partners, LLLP v. Great Atl. & Pac. Tea Co., Inc. (In re Great Atl. & Pac.*
   *Tea Co., Inc.)* 526 F. App'x 25, 29 (2d Cir. 2013).................................................................... 17

*Giarrusso Building Supplies, Inc. v. Hogan (In re Hogan)*, 193 B.R. 130, 137 (Bankr. N.D.N.Y.
   1995) ......................................................................................................................................... 29

*Go v. Rockefeller Univ.*, 280 F.R.D. 165, (SDNY 2012)............................................................. 23

*Hongkong & Shanghai Banking Corp. Ltd. v. Brandt*, 2017 WL 6729191, at *2 (S.D.N.Y. 2017)
   ................................................................................................................................................. 16

*In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ......................................... 18

*In re Chateaugay*, 120 B.R. 707 (S.D.N.Y. 1990)....................................................................... 15

*In re Cupit*, 514 B.R. 42 (Bankr. Col. 2014) ............................................................................... 32

*In re Lehr Constr. Corp.*, 2015 Bankr. LEXIS 2932 at *8 (Bankr. S.D.N.Y. Sept 2, 2015)........ 30

*In re NASDAQ Market-Makers Antitrust Litigation*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996)....... 28

*In re Palilla*, 493 B.R. 248, 252-53 (Bankr. D. Colo. 2013) ....................................................... 32

*In re Salman*, 2016 Bankr. LEXIS 3912, at *22-23 (Bankr. SDNY 2016) ................................. 31

*In re Stadtwerke Frankfurt Am Main Holding GMBH*, 2019 U.S. Dist. LEXIS 114435, *6
   (SDNY 2019) ........................................................................................................................... 28

*Jasel Bldg. Prods. Corp. v. Polidoro (In re Polidoro)*, 12 B.R. 867, 871 (Bankr. E.D.N.Y. 1981)
   ................................................................................................................................................. 30

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc*., 845 F.2d 1172, 1176 (2d Cir. 1988).... 34

*JSC Foreign Econ. Assoc.*, 2005 U.S. Dist. LEXIS 16772, at *13; *SEC v. Musella*, 1984 WL 832, at *2 (S.D.N.Y. 1984) ............................................................................................. 23

*Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 119 n.5 (2d Cir. 2003) ...... 17

*Lauro v. Comm'r of Soc. Sec.*, 644 F. App'x 88, 89 (2d Cir. 2016) ............................................. 16

*Lothian Oil (USA), Inc. v. Sokol*, 526 F. App'x 105, 108 (2d Cir. 2013)..................................... 15

*Lynch v. Barnard*, 2020 U.S. Dist. LEXIS 62782, *13-14 (E.D.N.Y. 2020) .............................. 16

*M.L.C., Inc. v. North American Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y. 1986)............... 28

*Miles v. Boeing*, 154 F.R.D. 17 (E.D. Pa. 1994)......................................................................... 31

*Monaghan v. SZS 33 Assocs.*, 148 F.R.D. 500, 508-09 (S.D.N.Y. 1993).................................... 22

*MPI Tech A/S v. IBM*, 2017 U.S. Dist. LEXIS 59870 (S.D.N.Y. 2017)....................................... 29

*Murphy v. City of Stamford*, 634 F. App'x 804, 805 (2d Cir. 2015) ........................................... 16

*N. Mariana Islands*, 287 F.R.D. 204 (SDNY 2012) ................................................................... 27

*Nippon Fire & Marine Ins. Co., Ltd. v. MV Egasco Star*, 1996 U.S. Dist. LEXIS 1783, *4-7 (S.D.N.Y. Feb. 20, 1996) ................................................................................................ 22, 35

*Pavarini McGovern, LLC v. Waterscape Resort LLC (In re Waterscape Resort LLC)*, 2015 Bankr. LEXIS 183, *36 (Bankr. S.D.N.Y. 2015) ....................................................................... 20

*Pelgrift v. 355 W. 51st Tavern Inc.,* 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016) ............. 21

*Pereira v. Felzenberg*, No. 96 CIV 7957 (RWS), 1997 U.S. Dist. LEXIS 17652 at *6 (S.D.N.Y. 1997) ................................................................................................................................. 20

*Peskin v. Picard*, 440 B.R. 579, 584 (S.D.N.Y. 2010) ............................................................... 17

*Petrello v. White*, 533 F.3d 110, 114 (2d Cir. 2008)................................................................... 16

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988)........................................................................ 23

*PriceWaterhouseCoopers LLP v. Giddens (In re MF Global Inc.)*, 2014 WL 667486, at *2

(S.D.N.Y. 2014) ................................................................................................ 16

*Prince v. Ethiopian Airlines*, 646 F. App'x 45, 47 (2d Cir. 2016) ................................ 16

*Rahman v. Seung Min Park (In re Seung Min Park)*, 2011 Bankr. LEXIS 1339, *18-19 (Bankr.

EDNY 2011). ..................................................................................................... 22

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) .............. 21

*Rockstone Capital LLC v. Metal*, 508 B.R. 552, 558-559 (E.D.N.Y. 2014) ............................... 17

*Royal Park Investments SA/NV v. Deutsche Bank National Trust Company*, 192 F. Supp. 3d 400

(S.D.N.Y. 2016) ................................................................................................ 29

*S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) ........................ 26

*Sarasota CCM, Inc. v. Kuncman*, 466 B.R. 590, 595 (E.D.N.Y. 2012) ....................................... 29

*Schwartz v. Marketing Publishing Co.*, 153 F.R.D. 16, 21 (D. Conn. 1994). ............................. 28

*Scriven v. Maple Knoll Apts., Inc.*, 46 A.D.2d 210, 361 N.Y.S.2d 730 (App. Div. 1974) ........... 30

*Shaw v. Yale New Haven Hosp.*, 2019 U.S. Dist. LEXIS 120562, *22-23(D. Conn. 2019) ........ 28

*Signal Capital Corporation v. Frank*, 164 F.R.D. 7, 10-11 (S.D.N.Y. 1995) ........................ 23, 33

*Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992) .............................. 32

*Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010). 21

*Stasko v. Motors Liquidation Co. (In re Motors Liquidation Co.)* 2011 WL 2462773, at *2

(S.D.N.Y. 2011) ................................................................................................ 17

*State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792 (JCF), 2015 U.S. Dist. LEXIS

162164 at *2 (S.D.N.Y. Dec. 3, 2015) ....................................................................... 19

*Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y.

2018) ........................................................................................................... 19

*Syntel Sterling Best Shores Mauritius Ltd.*, 328 F.R.D. 100 (SDNY 2018) ............................... 26

*Taub v. Adams*, 2010 WL 8961434, at *4 (E.D.N.Y. 2010) ........................................................ 18

*Travellers Int'l A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir. 1994) .............. 18

*Truax & Hovey, Ltd. v. Grosso (In re Grosso)*, 9 B.R. 815, 824 (Bankr. N.D.N.Y. 1981) .......... 29

*United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994) ...................................................... 24

*United States v. Int'l Business Machines Corp.*, 477 F.Supp. 698, 699 (S.D.N.Y. 1979) ........... 24

*Update Art, Inc. v. Modiin Publg Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) ...................................... 26

*Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460 (SDNY 2016)............................ 24

*William M. Bryan, Inc. v. Brody (In re Brody)*, 2019 Bankr. LEXIS 3095, *12-13 (Bankr. SDNY

2019) ........................................................................................................................................ 31

## Statutes

28 U.S.C. § 158(a)(3) ................................................................................................................... 16

NY Lien Law § 70(1) .................................................................................................................... 30

NY Lien Law § 79 ......................................................................................................................... 30

## Rules

F.R.C.P. 54(b) ............................................................................................................................... 13

Fed. R. Bankr. P. 7034 .................................................................................................................. 13

Fed. R. Bankr. P. 7037 .................................................................................................... 11, 13, 14

Fed. R. Civ. P. 26(b)(1).................................................................................................................. 19

Fed. R. Civ. P. 34 .......................................................................................................................... 13

Fed. R. Civ. P. 37(a)(3)(B)(iv)....................................................................................... 11, 13, 14

Fed. R. Civ. P. 37(b)(2)(C) ........................................................................................................... 21

Fed.R. Civ. P. 34(a)(1).................................................................................................................. 19

Local Bankruptcy Rule 9023-1 ..................................................................................................... 13

Local Rule 7034-1(b) ................................................................................................ 10, 12, 33

Rule 37(b)(2) ......................................................................................................................... 21

## PRELIMINARY STATEMENT

CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK ("Crescent" or "Appellee") submits this brief in response to the appellate brief filed by Appellant Debtor CHARLES DeGENNARO, III ("Debtor") seeking to reverse a due and proper Order dated September 4, 2020 (the "Order") denying, in general, reconsideration of an Amended Order dated September 19, 2019 (the "September 19 Order") rendered by Chief Judge Cecelia G. Morris compelling discovery and imposing sanctions against Debtor due to Debtor's repeated failure to comply with discovery pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), made applicable to the underlying adversary proceeding through Fed. R. Bankr. P. 7037, on the basis that Debtor failed to produce documents and failed to respond to Crescent's Requests For Production of Documents and Things dated April 29, 2019 requested pursuant to Fed. R. Civ. P. 34 made applicable to the adversary proceeding through Fed. R. Bankr. P. 7034, notwithstanding several orders to do so. The Order should be upheld.

## STATEMENT OF FACTS

Crescent objects to the *partial* Statement of Facts recited in Debtor's brief, as it is both biased and incomplete, as well as to the unsupported facts and conclusions peppered throughout the brief, which will be dealt with in turn.

Firstly, Debtor intentionally omits the fact that he purposely neglected to include Crescent on his schedules upon filing for Bankruptcy and this fact is likewise omitted from the Statement of Facts. Accordingly, the underlying Adversary Complaint against the Debtor alleges:

> Crescent seeks the denial of the dischargeability of the debt owed to Crescent, as more fully discussed below, pursuant to 11 U.S.C. §523(a)(3). Had Debtor properly listed or scheduled Crescent properly in the underlying bankruptcy proceeding, Crescent would have sought denial of discharge under 11 U.S.C. §523(a)(2), (4), and (6). The Debtor failed to list Crescent on the appropriate schedules and Crescent did not have notice or actual knowledge of the case in time for such timely filing. (See, Exhibit A to ECF#1 at ¶4)

The remainder of the Complaint speaks for itself as far as the basis for denial of discharge, specifically that Debtor, as member of Innovative Electrical Services, LLC ("Innovative"), defalcated trust funds for the benefit of Crescent with requisite scienter. Debtor acknowledges Crescent's burden of proof to prevail on its claims, which of course warrants the discovery sought. To this end, Debtor states in pertinent part,

> In order for Crescent to prevail on its single Section 523 non-discharge claim, it must not only show that Innovative was paid on the projects that it delivered materials to it in 2017, but that DeGennaro diverted those funds with a "conscious misbehavior" or "extreme recklessness" and "requisite scienter." *In re Waldron*, 2015 WL 6734481, *4, 6 (Bankr. N.D.N.Y. 2015), citing N.Y. Lien Law§§ 70, 71.Id., at *6. (See, Brief of Defendant-Appellant Charles DeGennaro III dated October 16, 2020 at page 13).

While Debtor has interposed an answer, he has not otherwise denied the claims alleged in the Adversary Complaint. Since joinder of issue, there has been barely any discovery due to Debtor's willful and contumacious maneuvers prejudicing Crescent's ability to prosecute its case. Debtor's appellate brief evidences that he surgically omitted his pattern of willful stonewalling, and for this reason a recitation of the underlying procedural history is warranted.

## **PROCEDURAL HISTORY**

On or about April 29, 2019, Crescent served upon Debtor Requests for Production of Documents and Things pursuant to Fed. R. Civ. P. 34 made applicable to this adversary proceeding through Fed. R. Bankr. P. 7034 (the "Document Requests"), the responses to which were due 30 days thereafter, to wit, on or about May 29, 2019. The due date came and passed without any response or objection to the Document Requests. Accordingly, **all objections were deemed waived**. See, Local Rule 7034-1(b)[1].

---

[1] "Any ground not stated in the objection or request for relief within the time provided by the Bankruptcy Rules, or any extensions thereof, shall be deemed waived."

On June 11, 2019, Crescent's counsel e-mailed Debtor's counsel requesting the overdue responses. On June 17, 2019, Debtor's counsel represented via e-mail that he would produce the responses by June 21, 2019. On July 1, 2019, after not receiving any response to the Document Requests, Crescent's counsel again e-mailed Debtor's counsel requesting the overdue responses notwithstanding Debtor counsel's representation.

On July 8, 2019, Debtor's counsel requested a meet and confer any time after 5:00 p.m. on that date, and Crescent's counsel offered 5:30 p.m. for same. **Debtor's counsel had not responded to our offer to meet and confer**, which was based on his requested scheduling.

On July 16, 2019, Debtor's counsel requested a copy of the Document Requests in Microsoft Word format and represented that the responses would be furnished the same day. Crescent's counsel furnished the Document Requests in the format requested that day, however, Debtor's counsel again failed to provide the responses.

On July 18, 2019, a month and a half after the date that responses were due, Debtor served a document purporting to be "Responses and Objections" to the Document Requests, objecting to each and every request and producing **not a single substantive document**. Moreover, several of the responses represented that, "responsive, non-privileged documents, if any, in Defendant's possession or custody, will be made available for inspection and copying" **without offering a time or place for such inspection and copying** – demonstrating the speciousness of Debtor's responses.

On July 18, 2019, Crescent's counsel filed a certification with respect to Crescent's good faith attempt to resolve the discovery issue pursuant to Chamber Rules and in compliance with Fed. R. Civ. P. 37(a)(3)(B)(iv), made applicable to this adversary proceeding through Fed. R. Bankr. P. 7037 reciting the above facts. (See, Doc # 95)

On July 30, 2019, the parties appeared by counsel before the Court. Debtor's counsel asserted his "objections" and acknowledged that he served discovery responses untimely and without a single document produced. Accordingly, the Court deemed his objections waived pursuant to Local Rule 7034-1(b) and directed Debtor to comply with the Document Requests within 7 days of that date, otherwise Crescent may move to compel and seek the appropriate relief, including legal fees. Thus, the **Debtor's empty discovery responses were rejected by the Court** at that point.

On the same date, Crescent's counsel sent a good faith letter reiterating the Court's direction to comply with discovery. On August 12, 2019, after the 7 day deadline had passed with no response, Crescent's counsel again requested from Debtor the responses. On August 14, 2019, Debtor responded with an e-mail, with a single document attached, stating,

> See attached **correspondence** with Bartolomeo's attorneys from October/November 2017. My client was frozen out of Innovative and has no documents related to Innovative. As you know form [sic] our prior subpoenas to Bartolomeo and RX Electric, we have been trying to get many of the same documents you are requesting. With respect to documents that Crescent is seeking that are related to Mr. DeGennaro's personal financial affairs ie bank statements, tax returns, assets/liabilities, we object to those as **wholly unrelated** to Crescent's 523 non-discharge claims. (Emphasis added)

It was apparent that the Debtor had no intention to respond to the Document Requests notwithstanding the Court's unequivocal order directing Debtor to do so. Thus, the Debtor failed to meet the original deadline to respond to the Document Requests, did not seek a protective order, and ignored Crescent's good faith attempts to resolve Debtor's discovery shortcomings, as well as the Bankruptcy Court's clear order to comply.

The foregoing demonstrated the good faith effort on the part of Crescent that was made to resolve this discovery issue prior to making a motion to compel. The motion to compel was argued in open court and resulted in the order of the Hon. Cecelia G. Morris, entered September 19, 2019

(the "September 19 Order") brought pursuant to F.R.C.P. 54(b), 59 and Local Bankruptcy Rule 9023-1. Although Debtor, as he is prone to do, served his opposition papers late, the Court allowed him to argue in response to the motion. Therefore, **Debtor was given an opportunity to be heard**. Obviously, this fact is nowhere to be found in the Debtor's brief since it would undercut his entire position.

The September 19 Order granted discovery sanctions in favor of Crescent compelling Debtor pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), made applicable to this adversary proceeding through Fed. R. Bankr. P. 7037, on the basis that Debtor failed to produce documents and failed to respond to Crescent's Requests For Production of Documents and Things dated April 29, 2019 requested pursuant to Fed. R. Civ. P. 34 made applicable to this adversary proceeding through Fed. R. Bankr. P. 7034. The September 19 Order provided in relevant part:

> (a) that Debtor shall immediately produce all documents responsive to Crescent's Requests For Production of Documents and Things dated April 29, 2019 requested pursuant to Fed. R. Civ. P. 34 made applicable to this adversary proceeding through Fed. R. Bankr. P. 7034 (the "Document Requests"), that Debtor has in his possession, custody or control, or to indicate that no such documents exist, **in formal responses**; and
>
> (b) that Crescent is awarded attorneys' fees and costs in connection with the Debtor's failure to comply with this Court's Order of July 30, 2019 in the amount of $5,685.43 based on the Declaration of Michael Korsinsky, Esq., attorney for Crescent, payable by Debtor and his attorneys, jointly and severally, to Crescent through its counsel, the law firm of Korsinsky & Klein, LLP, to be paid within seven (7) days of this Amended Order. (emphasis added).

Notwithstanding the explicit directives of the Court, Debtor again failed to comply. The September 19 Order directed Debtor to produce all documents responsive to Crescent's Document Requests in formal responses. However, Debtor's counsel sent a series of documents, not labeled as responsive to any numbered request and otherwise were incomplete.

Debtor then moved for reconsideration and a stay pending appeal of the September 19 Order. However, **Debtor never perfected this appeal**. Debtor did not seek an immediate stay and

therefore the September 19 Order was in full force and effect. Thus, Crescent's Counsel made numerous attempts to have Debtor comply with same including several e-mails which were referenced in the Pre-Trial Order dated August 19, 2020, namely:

> (a)  September 18, 2019 E-mail to Debtor's Counsel;
> (b)  September 27, 2019 E-mail to Debtor's Counsel;
> (c)  October 2, 2019 E-mail to Debtor's Counsel;
> (d)  November 27, 2019 E-mail to Debtor's Counsel;
> (e)  December 4, 2019 E-mail to Debtor's Counsel;
> (f)  December 9, 2019 Email to Debtor's Counsel;
> (g)  December 30, 2019 E-mail to Debtor's Counsel;
> (h)  January 2, 2020 E-mail to Debtor's Counsel.

On January 8, 2020, Crescent's counsel filed another certification with respect to Crescent's good faith attempt to resolve the discovery issue pursuant to Chamber Rules and in compliance with Fed. R. Civ. P. 37(a)(3)(B)(iv), made applicable to this adversary proceeding through Fed. R. Bankr. P. 7037. (See, Doc # 134).

On or about June 2, 2020, Debtor's motion seeking a stay was denied. No motion at that point was made to the District Court.

On or about June 26, 2020, the Bankruptcy Trustee filed its own adversary complaint against Debtor and others seeking to reverse "transfers made by the Debtor [which] were entirely improper and done for the sole purpose of keeping assets out of the hands of creditors" thereby validating Crescent's concerns that the Debtor was purposely withholding discovery to avoid inquiry into his financials in order to obstruct plaintiff from making its prima facie case. (See, 18-35222 at Doc #123).

On July 29, 2020, the District Court, after straining to give Debtor every opportunity to present his case, dismissed Debtor's appeal of the September 19 Order for his failure to prosecute same. (See, Doc #161) Indeed, this too is omitted from Debtor's Statement of Facts.

On August 21, 2020, the parties conducted an evidentiary hearing, reviewing each and every request and Debtor's unsatisfactory responses. While doing so, the Bankruptcy Court made the following statements regarding Debtor and his counsel's conduct (See, ECF #1 at Exhibit 15):

> (a) THE COURT:  But no, you didn't.  No, you didn't.  You didn't do it, and I'm -- that's why I have been frustrated with you from the very beginning, and I know, and I remember my frustration. (Page 12, lines 8 – 11);

> (b) The Court finds that the daily imposition of the fine should've stopped at 90 days on the entering of the motion to compel because it's there to coerce a responding party for compliance with discovery.  It's not there for mere penalties, but obviously it did not work. (Page 83, lines 73 – 21);

> (c) A year ago, we might not have been here. (Page 85, Line 10);

Debtor is still refusing to comply, having filed an appeal of the Order which imposed additional sanctions and possible default judgment against Debtor after the Bankruptcy Court gave up and decided this was the last resort. Debtor was fortunate to receive a stay, but in granting same, the District Court already found "DeGennaro's papers do not show that he is likely to succeed on the merits of his appeal." See, Order granting temporary stay dated October 2, 2020 (7:20-cv-07958) CJ McMahon at page 2.

To date, Debtor has failed to comply with the Bankruptcy Court's specific orders to produce all responsive documents in his control, both corporate and personal financial records. Accordingly, Debtor's stonewalling for more than a year now was willful since a variety of sanctions and warnings did not coerce Debtor to comply, and thus the Order should be upheld.

## STANDARD OF REVIEW

It must first be noted that the District Court lacks jurisdiction to consider this appeal to the extent it challenges the September 19 Order. See, *Lothian Oil (USA), Inc. v. Sokol*, 526 F. App'x 105, 108 (2d Cir. 2013) ("discovery orders are non-appealable interlocutory orders"); *In re Chateaugay*, 120 B.R. 707 (S.D.N.Y. 1990) (bankruptcy court's order denying application for 2004

examination was an interlocutory order); *Hongkong & Shanghai Banking Corp. Ltd. v. Brandt*, 2017 WL 6729191, at *2 (S.D.N.Y. 2017) (noting that courts routinely find that "bankruptcy court orders granting or denying discovery, including orders related to Rule 2004 discovery, are not final for the purposes of an appeal to a district court.")

Also, where, as here, the Court lacks "jurisdiction to review an interlocutory order of the [bankruptcy] court, [it] generally will also lack jurisdiction to review a subsequent interlocutory order denying reconsideration of that order." *Lauro v. Comm'r of Soc. Sec.*, 644 F. App'x 88, 89 (2d Cir. 2016) (citing *Petrello v. White*, 533 F.3d 110, 114 (2d Cir. 2008)). The September 19 Order is interlocutory and non-appealable and thus "the denial of a motion that seeks reconsideration of the [Order] is likewise not appealable under Petrello." *Id.*; *Prince v. Ethiopian Airlines*, 646 F. App'x 45, 47 (2d Cir. 2016) ("Because the [original] opinion was not a 'final decision,' neither was the [ ] order denying reconsideration of that decision."); *Murphy v. City of Stamford*, 634 F. App'x 804, 805 (2d Cir. 2015) (same). Accordingly, the Court lacks jurisdiction to review the reconsideration Order. *Lynch v. Barnard*, 2020 U.S. Dist. LEXIS 62782, *13-14 (E.D.N.Y. 2020).

However, if the Court is inclined to humor the Debtor pursuant to 28 U.S.C. § 158(a)(3), his appeal should be denied since Debtor seeks a clean slate by asserting that the standard of review should be *de novo*. However, the district courts review bankruptcy court's discovery rulings under an abuse of discretion standard. See, e.g., *PriceWaterhouseCoopers LLP v. Giddens (In re MF Global Inc.)*, 2014 WL 667486, at *2 (S.D.N.Y. 2014) ("The bankruptcy court's discovery rulings 'are reversed only upon a clear showing of an abuse of discretion.'" (quoting *DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 79 (2d Cir. 1998)). Similarly, the Bankruptcy Court has the discretion to decide an issue without holding an evidentiary hearing, and the District

Court can reverse such a decision only if it amounts to an abuse of discretion. See *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 119 n.5 (2d Cir. 2003), abrogated on other grounds, *In re Zarnel*, 619 F.3d 156 (2d Cir. 2010); see also *D.A. Elia Constr. Corp. v. Damon & Morey, LLP (In re D.A. Elia Constr. Corp.)* 2006 WL 1720361, at *7 (W.D.N.Y. 2006) ("The bankruptcy court's decision to deny a full evidentiary hearing was not an abuse of discretion. The nature of the hearing lies within the sound discretion of the bankruptcy judge, and does not necessarily require the presentation of oral testimony."), aff'd sub nom. *Bernheim v. Damon & Morey, LLP*, No. 2007 WL 1858292 (2d Cir. 2007). A Bankruptcy Court judge does not abuse her discretion in reaching a decision without holding an evidentiary hearing where "the record provided ample evidence on which the court could make such a decision." *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1313 (2d Cir. 1997); see *Gator Monuments Partners, LLLP v. Great Atl. & Pac. Tea Co., Inc. (In re Great Atl. & Pac. Tea Co., Inc.)* 526 F. App'x 25, 29 (2d Cir. 2013).

Here of course, the Bankruptcy Court held a full evidentiary hearing that provided "ample evidence" on which the Bankruptcy Court could make its decision. See, ECF #1 at Exhibit 15.

In general, "[a] ruling is an abuse of discretion only if the bankruptcy court 'bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact.'" *Stasko v. Motors Liquidation Co. (In re Motors Liquidation Co.)* 2011 WL 2462773, at *2 (S.D.N.Y. 2011) (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005)); see also *Peskin v. Picard*, 440 B.R. 579, 584 (S.D.N.Y. 2010); *Rockstone Capital LLC v. Metal*, 508 B.R. 552, 558-559 (E.D.N.Y. 2014).

Likewise, a district court reviews the bankruptcy court's determinations regarding attorneys' fees and its decisions to impose sanctions for an abuse of discretion. *In re Bayshore Wire*

*Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000). "A bankruptcy court abuses its discretion if the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment in reaching its conclusion." *Bleichman v. Sapir (In re Heilpern)*, 2018 U.S. Dist. LEXIS 170252, *5 (S.D.N.Y. 2018) (CJ McMahon)

A bankruptcy court abuses its discretion when it bases its decision on an erroneous view of the law or clearly erroneous factual findings, or where it commits a clear error of judgment. *Taub v. Adams*, 2010 WL 8961434, at *4 (E.D.N.Y. 2010) (citing *In re Blaise*, 219 B.R. 946, 950 (2d Cir. 1998)). Under the clear error standard, "[t]here is a strong presumption in favor of a trial court's findings of fact if supported by substantial evidence," and a reviewing court will not upset a factual finding "unless [it is] left with the definite and firm conviction that a mistake has been made." *Travellers Int'l A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir. 1994).

## ARGUMENT

### I. DEBTOR WILLFULLY VIOLATED THE COURT'S ORDERS

Although the September 19 Order was verbal rather than written, it was nonetheless an order for the purpose of Rule 37(b) of the Federal Rules of Civil Procedure. A verbal order will serve as the predicate for discovery sanctions under Rule 37(b) if (1) the party to whom it was directed had adequate opportunity to argue that the discovery should not be compelled, and (2) the verbal order gave clear notice of what was required. It bears noting that the Bankruptcy Court did not issue sanctions pursuant to Rule 9011 and instead exercised its supervisory responsibility over discovery pursuant to FRCP 37(a)(5).

Here, Debtor conflates his untimely opposition papers to the motion to compel with his untimely responses and objections to the Discovery Requests. As noted above, Debtor was given multiple opportunities to be heard and his arguments were found to be baseless. Thus, it was not up to Debtor to decide that responsive documents should be withheld.

Under Fed. R. Civ. P. 26(b)(1), "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense," *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792 (JCF), 2015 U.S. Dist. LEXIS 162164 at *2 (S.D.N.Y. Dec. 3, 2015); and "the quantum of relevance necessary to warrant discovery is still lower than the quantum of relevance necessary for admissibility at trial." *Almonte v. Hines*, No. 15 Civ. 6843 (HBP), 2016 U.S. Dist. LEXIS 160361 at *1 (S.D.N.Y. Nov. 18, 2016).

Under Fed.R. Civ. P. 34(a)(1), a party may serve on any other party a request within the scope of Fed. R. Civ. P. 26(b) to produce and permit the requesting party to inspect, copy, test or sample, inter alia, any designated documents, electronically stored information, or tangible things. The contents of the request must describe with reasonable particularity the item or category of items sought, and specify a reasonable time, place or manner for the inspection and related acts. The documents at issue are relevant to this adversary proceeding. Crescent seeks discovery based on its claim that Debtor collected trust assets and improperly and illegally used and diverted such trust assets to pay monies to himself, as well as other debts and non-trust fund obligations unrelated to the construction projects for which his limited liability company received such trust assets.

In response to Crescent's request for discovery in this adversary proceeding, Debtor withheld his response rather than obtain a protective order from the bankruptcy court under Rule 7026(c), thereby forcing Crescent to prosecute its motion to compel. If a party fails to make a disclosure required or makes an incomplete disclosure, any other party may move to compel disclosure. See generally, *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018)

The Bankruptcy Court at the July 30, 2019 hearing directed Debtor to comply with the Discovery Requests within 7 days and notified Debtor that as sanction the Court will award expenses for bringing a motion to compel if Debtor fails to comply. Debtor opposed the determination in open court. The Bankruptcy Court ultimately ordered Debtor to produce the documents or confirm that Debtor could not and stated the consequences for noncompliance. The Court's direction was clear and unambiguous, and Debtor understood that the Court was issuing a direction. Although the Discovery Order was verbal rather than written, it was nonetheless an order for the purpose of Rule 37(b) of the Federal Rules of Civil Procedure. A verbal order will serve as the predicate for discovery sanctions under Rule 37(b) if (1) the party to whom it was directed had adequate opportunity to argue that the discovery should not be compelled, and (2) the verbal order gave clear notice of what was required. *Pavarini McGovern, LLC v. Waterscape Resort LLC (In re Waterscape Resort LLC)*, 2015 Bankr. LEXIS 183, *36 (Bankr. S.D.N.Y. 2015)

A bankruptcy court may impose sanctions "pursuant to its inherent equitable powers, which are available to address bad-faith conduct" and failure to comply with a court order. *Pereira v. Felzenberg*, No. 96 CIV. 7957 (RWS), 1997 U.S. Dist. LEXIS 17652 at *6 (S.D.N.Y. 1997). Rule 37(b)(2)(A) provides for sanctions where "a party...fails to obey an order to provide or permit discovery, including an order under Rule...37(a)." Thus, a court may impose sanctions under Rule 37(b)(2)(C) whether or not a prior order was issued pursuant to Rule 37(a). See *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("The language of Rule 37(b)(2) requires a prior order...but does not by its terms specifically require an order issued pursuant to Rule 37(a). Consequently, a Rule 37(a) order is merely one of the orders that can trigger sanctions under Rule 37(b)(2).") (citations omitted). Under Rule 37 or through the court's inherent powers, "a court imposing litigation costs...will calculate the amount based on

costs related to specific bad faith acts, or directly resulting from those acts." *Pereira*, 1997 U.S. Dist. LEXIS 17652, 1997 WL 698186, at *6. Pursuant to Rule 37(b)(2)(C), instead of or in addition to the sanctions described in Rule 37(b)(2)(A), which include dismissal, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C).

Accordingly, a motion was made to compel Debtor to fully comply with the Document Requests and to impose a monetary sanction upon Debtor and or his counsel for the making of a motion to compel.

Moreover, striking a pleading is a drastic sanction, generally used only when alternatives have been considered and the failure to comply was "due to willfulness, bad faith, or any fault of the party sanctioned." *Pelgrift v. 355 W. 51st Tavern Inc.,* 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016).

Rule 37(b)(2) of the Federal Rules of Civil Procedure, as applicable to the Bankruptcy Court through Bankruptcy Rule 7037, provides, in relevant part, that:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> ...
> (vi) rendering a default judgment against the disobedient party ....

Thus, if a party fails to comply with discovery orders, then a court has the authority to take the appropriate action against the disobedient party. See, *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

21

In cases where a party fails to produce documents as ordered by the court and obfuscated the plaintiff's attempts to seek discovery, the court can enter an order striking the defendant's answer. See *Nippon Fire & Marine Ins. Co., Ltd. v. MV Egasco Star*, 1996 U.S. Dist. LEXIS 1783, *4-7 (S.D.N.Y. Feb. 20, 1996) (**finding that the failure of the defendants to comply with the court's order requiring discovery, or confirm that the defendants had made an adequate search for the documents, warranted the court striking their answer**); *Rahman v. Seung Min Park (In re Seung Min Park)*, 2011 Bankr. LEXIS 1339, *18-19 (Bankr. EDNY 2011).

That is in fact what the Bankruptcy Court found after conducting the lengthy hearing and memorialized same in the Order. Therefore, this appeal is frivolous, and the Order should be upheld.

## II.     DEBTOR HAS NOT "SUBSTANTIALLY JUSTIFIED" HIS CONTEMPT

Rule 37 sanctions are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

The discretion of whether the court should impose sanctions is guided by relevant factors, which may include "1) the history of the failure to comply with court orders; 2) whether the party violating the order was given ample time to respond; 3) the effectiveness of alternative sanctions; 4) whether the noncomplying party was warned of and given an opportunity to argue against the impending sanction; 5) the prejudice to the adversary caused by the failure to comply; 6) whether the documents at issue would normally be readily obtainable; and 7) the extent of the party's personal responsibility." *Monaghan v. SZS 33 Assocs.*, 148 F.R.D. 500, 508-09 (S.D.N.Y. 1993).

The test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was 'substantially justified'. That has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or 'if reasonable people could differ as to [the appropriateness of the contested action]'." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *JSC Foreign Econ. Assoc.*, 2005 U.S. Dist. LEXIS 16772, at *13; *SEC v. Musella*, 1984 WL 832, at *2 (S.D.N.Y. 1984). There is no genuine dispute since, as discussed *infra*, **Debtor's own authorities demonstrate that he was not substantially justified to withhold discovery and was therefore in contempt**.

Generally, a party's financial information can be relevant for discovery purposes if it implicates specific elements of a claim or defense asserted in the dispute. See *Signal Capital Corporation v. Frank*, 164 F.R.D. 7, 10-11 (S.D.N.Y. 1995) (allowing substantial discovery regarding corporate directors, including details of directors' personal finances necessary to establish plaintiff's claims against directors for waste of corporate assets, mismanagement, and violation of fiduciary duties).

With respect to temporal scope, the Court in *Go v. Rockefeller Univ.*, 280 F.R.D. 165, (SDNY 2012), which was **cited to by Debtor** in support of his motion for reconsideration of the September 19 Order (Doc # 108 at page 13) held,

> However, the scope of discovery is commonly extended to a reasonable number of years prior to the defendants' alleged illegal action . . . ." *Miles v. Boeing Co.*, 154 F.R.D. 117, 119-20 (E.D. Pa. 1994) (document requests for period of more than two years from date of alleged discrimination not overly broad); *Obiajulu v. City of Rochester Dep't of Law*, 166 F.R.D. 293, 296 (W.D.N.Y. 1996) (three year time period suggested by defendants found reasonable); see also *Chang v. Cavalry Portfolio Servs. LLC*, CV-11-1153 (JS)(GRB), 2011 WL 6101952 at *1 (E.D.N.Y. Dec. 1, 2011); *Trzeciak v. Apple Computers, Inc.*, 94 Civ. 1251 (LAK), 1995 U.S. Dist. LEXIS 428, 1995 WL 20329 at *1 (S.D.N.Y. Jan. 19, 1995) (Dolinger, M.J.). (Emphasis added).

With respect to relevance, the Court in *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460 (SDNY 2016), also **cited by Debtor** (Doc # 108 at page 13) held,

> Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial. It is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself. (internal citations omitted).

Furthermore, determinations of relevance are entrusted to the sound discretion of the court. See generally, *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994). **Debtor was not enabled to withhold any discovery based on his determination of relevance.** The failure to produce documents pursuant to Rule 34 may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 7026(c). This issue served as one of the bases that the Court issued the September 19 Order as the Court did.

Moreover, the fact that documents demanded by a plaintiff may reside in files other than a defendant's is beside the point if the defendant has control over such files. For a FRCP 34 document request, the test is whether the party has a legal right to control. The true test is control and not possession. *United States v. Int'l Business Machines Corp.*, 477 F.Supp. 698, 699 (S.D.N.Y. 1979). And, a party challenging a document request must submit an affidavit setting forth facts and circumstances which establish that the documents requested are not in his control. *Id.* Debtor has not submitted any such affidavit, despite the fact that Crescent's demands required same and otherwise, his claim of lack of possession is merely supported by statements made in "correspondence" from Debtor's counsel to another party. See, Doc # 108 at page 5.

With respect to disclosure of tax returns, the Court in *Carmody v. Vill. of Rockville Ctr.*, 2007 U.S. Dist. LEXIS 50933 (EDNY 2007), also **cited by Debtor** (Doc # 108 at page 15) held,

Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both "the private nature of the sensitive information contained therein" and "the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). To compel the disclosure of income tax returns, a two-part test must be satisfied: (1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not "otherwise readily obtainable." *United States v. Bonanno Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988) (citing *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985)).

This issue was also argued before the Bankruptcy Court and by Debtor's admission, he continues to withhold documents relevant to Crescent's claims, and he argues that he lacks other relevant documents. Therefore, the information sought was not otherwise readily obtainable. The obstruction of discovery is compounded by the fact that Debtor, as the majority interest holder of Innovative Electrical Services (as per Debtor's Schedules), would be able to issue authorizations for the release of bank statements, tax returns, and other financial records which would have satisfied most, if not all, of Crescent's documents requests.

It is evident that Debtor was not substantially justified in violating the Bankruptcy Court's repeated orders to comply with discovery. The District Court already found "DeGennaro's papers do not show that he is likely to succeed on the merits of his appeal." Debtor has instead demonstrated purposeful dilatory conduct by offering improper objections to the Discovery Requests and admitted violations of oral and written discovery orders. Therefore, the imposition of harsh sanctions is warranted. Debtor has attempted to impede discovery in this matter for much of this unusually protracted discovery period. He has repeatedly indicated to the Court that he believes court-imposed orders and deadlines should be disregarded. These tactics have prejudiced Crescent from prosecuting its case and demonstrates sheer contempt.

To this end, sanctions imposed pursuant to Fed. R. Civ. P. 37 aim to (1) prevent the non-compliant party from profiting from its failure to obey discovery orders; (2) ensure compliance

with an order; and (3) deter the non-compliant party and others from future non-compliance. *Update Art, Inc. v. Modiin Publg Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988); *Cine Forty- Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

In this Circuit, when determining what sanctions to impose, the district court considers the following four non-exhaustive and non-exclusive factors: "(1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). The court may also consider the full record in the case and any prejudice to the moving party. *Syntel Sterling Best Shores Mauritius Ltd.*, 328 F.R.D. 100 (SDNY 2018). In analyzing prejudice to the moving party, "the Second Circuit has consistently rejected a 'no harm, no foul' standard for evaluating discovery sanctions." *Id*.

Here, Debtor admits to willfully withholding discovery because he feels it was "substantially justified" although his own legal authorities provide otherwise. Debtor was already sanctioned and same proved to be non-coercive, and, to date, Debtor has failed to substantially comply with the Bankruptcy Court's orders notwithstanding the warnings of dismissal. Accordingly, the Order should be upheld.

### III.   OTHER CIRCUMSTANCES DO NOT ABSOLVE DEBTOR'S VIOLATIONS

Debtor also argues that it did not possess Innovative' s business records and that Crescent obtained some of the documents itself from another source by way of subpoena. While those statements may be literally correct, the literal correctness does not absolve Debtor from his discovery obligations here. See, *Annunziato v. Collecto, Inc*., 304 F.R.D. 360, 362 (EDNY 2015). Debtor's reliance on "other circumstances", i.e. a data dump from a non-party, which Debtor could have obtained himself and then organized in "formal responses" as required, may have resolved

some, but not all of Debtor's discovery violations. This argument, although novel, is obviously not followed since Debtor could not cite to a single authority on this point.

The documents obtained by subpoena do not end the inquiry. Debtor has not made any proper representation that the bank records received from a single bank constituted all responsive documents. Debtor's conclusory and unsubstantiated claim that "other circumstances" are enough is therefore false. Also, it would be patently unfair if Debtor were able to continue to discover relevant information from Crescent while relegating Crescent to seek information from non-parties when Debtor in fact has control over the records sought.

Rule 34(a) of the Federal Rules of Civil Procedure, which allows document requests to be made "as to items in the responding party's possession, custody, or control," enables a party seeking discovery "to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person in whose possession the documents lie." Additionally, a court in this District held that documents are discoverable under Rule 34 "when that party has the right, authority or practical ability to obtain the documents from a non-party to the action." *N. Mariana Islands*, 287 F.R.D. 204 (SDNY 2012)(quoting *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476-77 (D. Colo. 2007) (emphasis in original) and *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)) (emphasis in original) Therefore, Debtor's representations to the Bankruptcy Court as well as this District Court that he did not have access to Innovative's records are belied by the fact that Debtor acknowledges that Crescent was able to obtain some of them by mere subpoena.

Debtor argues that it cannot be required to produce the materials sought by Crescent pursuant to Rule 34 of the Federal Rules of Civil Procedure because they are not within his "possession, control, or custody." Again, under Rule 34, however, "control" does not require that

the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action. See, e.g., *In re NASDAQ Market-Makers Antitrust Litigation*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996) (citing *Golden Trade S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992); *M.L.C., Inc. v. North American Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y. 1986).

Debtor purposefully did not offer a statement under the penalties of perjury to support those representations because he could have easily done the same but refused to do so. It is axiomatic that the lack of information necessary to answer an interrogatory or a document responsive to a request for production does not absolve a party from responding to the inquiry or request. Where a party does not possess that which is sought to be produced or does not know the answer to an interrogatory, she must state that fact in her response to the discovery request and sign it under penalty of perjury. *Shaw v. Yale New Haven Hosp*., 2019 U.S. Dist. LEXIS 120562, *22-23(D. Conn. 2019)

Courts have denied motions to quash a subpoena against an entity that "submitted no affidavit setting forth facts and circumstances which establish that the documents requested are not in [its] control." *In re Stadtwerke Frankfurt Am Main Holding GMBH*, 2019 U.S. Dist. LEXIS 114435, *6 (SDNY 2019). Thus it is a requirement that the absence of possession, custody, and/or control of documents that have been requested pursuant to Fed.R.Civ.P. 34 must be sworn to by the responding party. *Schwartz v. Marketing Publishing Co*., 153 F.R.D. 16, 21 (D. Conn. 1994).

The fact that other actions are pending cannot serve as a basis to withhold discovery – even if they were produced in the other actions. A party cannot "withhold relevant and discoverable documents in one action with impunity, even after producing them in a similar case." *MPI Tech*

*A/S v. IBM*, 2017 U.S. Dist. LEXIS 59870 (S.D.N.Y. 2017) citing to *Royal Park Investments SA/NV v. Deutsche Bank National Trust Company*, 192 F. Supp. 3d 400 (S.D.N.Y. 2016).

Accordingly, Debtor's refusal to conduct minimal discovery and his unsworn representations that he did not have access to Innovative records demonstrate willfulness, contumaciousness and bad faith, warranting denial of this appeal. Therefore, the Order should be upheld.

## IV.   THE COURT FOUND THE DISCOVERY TO BE WARRANTED

As the Bankruptcy Court found at the August 21, 2020 hearing, "Here the requested documents are relevant to this adversary proceeding." (See, ECF #1 at Exhibit 15, Page 80, Lines 1-2). Because, a creditor has the burden of proving the elements of a §523(a) claim in order to have his debt deemed non-dischargeable as against the debtor. *Sarasota CCM, Inc. v. Kuncman*, 466 B.R. 590, 595 (E.D.N.Y. 2012). The creditor must prove the required elements of each subsection of §523 by a preponderance of the evidence. *Id*. An individual officer of a corporate trustee may be held personally liable for breach of a Lien Law trust. To extend a corporate trustee's liability to its officer, the officer must be found to have participated in or known about the use of trust funds for non-trust purposes.

Bankruptcy courts have long recognized that the provisions of Article 3-A create an express statutory trust that gives rise to the fiduciary duty contemplated by Code § 523(a)(4). See *Giarrusso Building Supplies, Inc. v. Hogan (In re Hogan)*, 193 B.R. 130, 137 (Bankr. N.D.N.Y. 1995). Only "an owner, contractor or subcontractor is designated as a prospective trustee under Article 3-A." *Truax & Hovey, Ltd. v. Grosso (In re Grosso)*, 9 B.R. 815, 824 (Bankr. N.D.N.Y. 1981). Innovative was therefore a trustee under such a trust. Article 3-A of New York's Lien Law provides for the definition and enforcement of trusts that are "designed for the protection of materialmen and laborers." *Scriven v. Maple Knoll Apts., Inc*., 46 A.D.2d 210, 361 N.Y.S.2d 730

(App. Div. 1974); see NY Lien Law § 79. Crescent was a materialman as contemplated by the statute.

"The primary purpose of Article 3-A of the [New York] Lien Law is to ensure that those who have directly expended labor and materials to improve real property at the direction of the owner or a general contractor' receive payment for the work actually performed." *Atlas Bldg. Sys., Inc. v. Rende*, 236 A.D.2d 494, 653 N.Y.S.2d 694, 695 (App. Div. 1997). To further this purpose, funds received by a contractor in connection with a contract to improve real property are assets of a trust that must be used for purposes provided by statute. See NY Lien Law § 70(1) ("[F]unds . . . received by a contractor under or in connection with a contract for an improvement of real property . . . shall constitute assets of a trust for the purposes provided in § 71."). Those trust assets are used to pay the claims of subcontractors, among others, for the costs of improvement to the property. See NY Lien Law § 71(2)(a) (funds "shall be held and applied for payment of the cost of improvement" including to pay the "claims of subcontractors, . . . laborers[,] and materialmen."). A "trust claim" arises under the NY Lien Law when a subcontractor seeks a payment that the trustee is authorized under NY Lien Law § 71(2) to pay with trust funds. See NY Lien Law § 71(3)(b); see also NY Lien Law § 71(2) (explaining what purposes trust funds can be applied to).

A trust beneficiary has a cause of action personally against principals of an Article 3-A trustee company for the improper diversion of Article 3-A trust funds. *In re Lehr Constr. Corp.*, 2015 Bankr. LEXIS 2932 at *8 (Bankr. S.D.N.Y. Sept 2, 2015) ("A trust beneficiary has a cause of action personally against principals of an Article 3-A trustee company for the improper diversion of Article 3-A trust funds.") *Jasel Bldg. Prods. Corp. v. Polidoro (In re Polidoro)*, 12 B.R. 867, 871 (Bankr. E.D.N.Y. 1981) ("New York courts have made the liability of managing

officers coextensive with that of the corporate contractor, provided they have participated in or have knowledge of the misapplication of trust funds . . . .").

Even if Crescent can establish personal liability on the part of the Debtor for each of the diversions, a diversion does not necessarily equate to a defalcation under § 523(a)(4). Defalcation requires an "intentional wrong." *Bullock v. BankChampaign N.A.*, 133 S.Ct. 1754, 1759 (2013). The Supreme Court has held that in the context of § 523(a)(4), a defalcation "includes a culpable state of mind . . . involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Id.* at 1757. Thus, under Bullock, in order to conclude a defalcation occurred, a court must make appropriate findings of conscious misbehavior or extreme recklessness on the part of the Debtor. The Debtor's state of mind is crucial to resolution of the Plaintiff's § 523(a)(4) cause of action, namely, if there was a breach of fiduciary duty by the Debtor, was it the result of negligence or inadvertence or was it done with the requisite scienter. *Curtis Lumber Co. v. Waldron* (In re Waldron), 2015 Bankr. LEXIS 3749 (NDNY 2015)

A defalcation analysis requires a subjective and objective evaluation of the fiduciary's conduct. See *In re Salman*, 2016 Bankr. LEXIS 3912, at *22-23 (Bankr. SDNY 2016)(citing *Fogg v. Pearl (In re Pearl)*, 502 B.R. 429, 441 (Bankr. E.D. Pa. 2013) ("The court must consider the debtor's actual knowledge and circumstances (i.e., the subjective) and then decide whether the related conduct constituted a gross deviation from legal standards of conduct (i.e., the objective.")). *William M. Bryan, Inc. v. Brody (In re Brody)*, 2019 Bankr. LEXIS 3095, *12-13 (Bankr. SDNY 2019) In order for Crescent to prevail on its claim, it must prove that the Debtor diverted the funds with conscious behavior and extreme recklessness, requisite scienter, and the scope of discovery is commonly extended beyond the number of years prior to the Defendant's illegal action.  *Miles v. Boeing*, 154 F.R.D. 17 (E.D. Pa. 1994).

A Debtor's knowledge of and intentional wrong to violate a statutory duty, such as Debtor's duties under Article 3-A of New York's Lien law, may not be simply inferred from a misappropriation of trust funds alone. See *In re Cupit*, 514 B.R. 42 (Bankr. Col. 2014); *Baggett v. Sherman (In re Sherman)*, 2017 Bankr. LEXIS 623, *10 (Bankr. NDNY 2014) Post-Bullock case law indicates a number of non-exclusive factors relevant to whether or not defalcation may be inferred. These include: Debtor's knowledge of his status as a fiduciary or knowledge of statutory trusts creating fiduciary duties, the presence or absence of a repeated pattern of conduct, and the sophistication of Debtor. *Baggett v. Sherman (In re Sherman)*, 2017 Bankr. LEXIS 623 (NDNY 2017); *In re Palilla*, 493 B.R. 248, 252-53 (Bankr. D. Colo. 2013) (inferring intent to commit defalcation from a repeated pattern of conduct)

Further, a debtor's disregard of that risk must "involve a gross deviation from the standard conduct that a law-abiding person would observe in the [debtor's] situation." *Bullock*, 569 U.S. at 274. Hence, even where Plaintiffs may not recover for conduct that occurred outside a statute of limitations period, "evidence of such conduct may be admissible to shed light on the motives with which acts within the limitations period were performed." *Cooper v. Parsky*, 140 F.3d 433, 440-41 (2d Cir. 1998); see also *Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992) (noting that the statute of limitations does not "operate to bar the use of a document that predates the commencement of the limitations period but that is relevant to events during the period"). The disputed evidence is relevant to the determination of  Debtor's state of mind, including whether he was aware of Innovative's activities and whether he intended to facilitate those activities within the subject period. *Arista Records LLC v. Lime Group LLC*, 715 F. Supp. 2d 481, 502 (SDNY 2010)

Thus, in order for Crescent to prevail on its Section 523 non-discharge claim, it must not only show that Innovative was paid on the projects that it delivered materials to in 2016 and 2017, but that DeGenerro diverted those funds with a "conscious misbehavior" or "extreme recklessness" and "requisite scienter". (See, Brief of Defendant-Appellant Charles DeGennaro III dated October 16, 2020 at page 13).

Therefore, a party's financial information can be relevant for discovery purposes if it implicates specific elements of a claim or defense asserted in the dispute. See *Signal Capital Corporation v. Frank*, 164 F.R.D. 7, 10-11 (S.D.N.Y. 1995) (allowing substantial discovery regarding corporate directors, including details of directors' personal finances necessary to establish plaintiff's claims against directors for waste of corporate assets, mismanagement, and violation of fiduciary duties).

Accordingly, Debtor recognizes the burden of proof Crescent must satisfy and in furtherance of same has purposefully stonewalled discovery to bar Crescent from doing so. Therefore, the Bankruptcy Court agreed and found that the discovery sought was warranted and thus the Order should be upheld.

## V.       THE SANCTIONS AGAINST DEBTOR WERE WARRANTED

Debtor interposed untimely objections to producing documents which the Court deemed baseless and otherwise waived pursuant to Local Rule 7034-1(b). Those objections were plainly late, and should have been interposed months earlier, in response to the Documents Requests. Debtor does not deny this. Debtor then violated with the simple order of July 30, 2019 to produce responsive records. Debtor again did not produce the responsive documents as directed by the September 19 Order either. Rather, Debtor produced some documents but has still not produced all the responsive documents. Moreover, The September 19 Order required the production of documents in formal responses. Debtor, in blatant disregard of that order, chose not to produce

documents in proper fashion, but to rely on serving a hodgepodge of records which were demonstrated to be incomplete at the August 21, 2020 hearing. Moreover, in its current papers, Debtor makes clear that he is continuing to refuse to produce documents, although ordered to do so, because he has unilaterally determined that those documents, although called for, are not relevant.

To put it bluntly, despite the Bankruptcy Court's orders, and despite having failed to assert timely objections to the request for documents, Debtor now willfully refuses to produce responsive documents. That is plainly sanctionable conduct. See, e.g., *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc*., 845 F.2d 1172, 1176 (2d Cir. 1988); *Debtor Found. Contrs., Inc. v. Arch Ins. Co.*, 2011 U.S. Dist. LEXIS 1557, *4-5 (SDNY 2011).

Accordingly, the Order should be upheld.

## <u>CONCLUSION</u>

Based on the foregoing, Debtor's failure to comply with the Bankruptcy Court's orders requiring discovery or confirm that he had made an adequate search for the documents, warrants the monetary sanctions as well as striking of his answer. *Nippon Fire & Marine Ins. Co., Ltd. v. MV Egasco Star*, 1996 U.S. Dist. LEXIS 1783, *4-7 (S.D.N.Y. Feb. 20, 1996) Accordingly, the Order should be upheld and this appeal denied.

Dated: October 30, 2020

**KORSINSKY & KLEIN, LLP**

By: /s/Michael Korsinsky
Michael Korsinsky (MK-8900)
Marc Illish (MI-6369)
2926 Avenue L
Brooklyn, NY 11210
Tel: 212-495-8133
Fax: 212-419-3893
Email: *mk@kklawfirm.com*
*Attorneys for CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK*