UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                               Chapter 7

CHARLES DeGENNARO, III,                              Case No. 18-35222 (CGM)


            Debtor.
---------------------------------------------------------X
CRESCENT ELECTRIC SUPPLY
COMPANY, INC. OF NEW YORK,                           Appellate Case No. 20-cv-07958-CM

           Plaintiff-Appellee,              Bankruptcy Adv.Pro.No. 18-09032

   v.

CHARLES DeGENNARO III,

           Defendant-Appellant.
---------------------------------------------------------X


## REPLY BRIEF OF DEFENDANT-APPELLANT CHARLES DEGENNARO III

      Defendant-Appellant, Charles DeGennaro III (hereinafter "DeGennaro") by his attorneys, Ruta Soulios & Stratis LLP, hereby submits this memorandum of law in support of DeGennaro's appeal of that certain order entered on September 4, 2020 (ECF# 168) (the "Order"), granting in part and denying in part Defendant's motion for reargument and modifying that certain amended order dated September 19, 2019 (the "Amended Order") (which granted Plaintiff's motions for to compel and for sanctions, and awarded $5,685.43 in attorneys' fees) and imposed a $22,500 sanction against DeGennaro.

**I.**

**WITHOUT REFERENCE TO OR ANY SUPPORT IN THE RECORD CRESCENT MAKES UNSUBSTANTIATED CLAIMS REGARDING PURPORTED FINDINGS BY THE BANKRUPTCY COURT**

On page 12 of its brief Crescent asserts that "the Court deemed his objections waived pursuant to Local Rule 7034-1(b) and directed Debtor to comply with the Document Requests within 7 days of that date." Yet Crescent's assertion is without any reference to the record on appeal. There is nothing in the record to support Crescent's wholly unsubstantiated claim and the same should be rejected by this Court. In fact, the Bankruptcy Court did ultimately review the specific document requests, and DeGennaro's objections thereto – thus repudiating the contention that the Bankruptcy Court deemed the objections waived. For reasons sets forth in his moving brief DeGennaro asserts that the Bankruptcy Court erroneously ruled that Crescent's document requests, and its theory of the case generally, were permissible. Rather, DeGennaro maintains that the Bankruptcy Court effectively authorized a "fishing expedition" for the sole purpose of trying to find evidence without any pre-requisite showing thereof.

**II.**

**CRESCENT REITERATES AND ARGUES FOR A FUNDAMENTALLY INCORRECT VIEW OF DISCOVERY**

Crescent goes to great lengths to discuss its burden of proof in a non-discharge action premised upon a Lien Law diversion. Crescent Br. 29-33. However, it altogether misses the point. The cases and arguments put forth by Crescent all pertain to discovering evidence ***regarding and pertaining*** to the alleged diversion of Lien Law trust funds, not fishing for evidence of wholly unrelated (purported) fraudulent conduct to then draw the effective conclusion that "if the Debtor defrauded A, he must have also defrauded B." There is no evidence in the record that DeGennaro

2

or Innovative had any financial problems prior to 2017. Indeed, Crescent had been doing business with Innovative since 2012 without any issues whatsoever in collecting payment. Thus Crescent's requests for all of DeGennaro's bank statements, credit card statements, tax returns (which are highly sensitive and entitled to special protections, i.e. the party seeking discovery must first exhaust getting the information from other sources) were in no way reasonably calculated to lead to discoverable information and were patently improper. Indeed, Crescent's underlying claim itself – that DeGennaro diverted Lien Law trust funds from Innovative in 2017 – is entirely conclusory and speculative. It offers not a scintilla of evidence to support that claim, let alone any demonstrable basis that 8 years' worth of discovery of ancillary and unrelated personal financial records will lend any assistance to prove its claims. In sum, Crescent does not, and cannot, overcome the fact that it engaged in a pure fishing expedition, and that the Bankruptcy Court erroneously and impermissibly indulged the requests.

### III.

### CRESCENT IGNORES THE THIRD CIRCUIT'S HOLDING IN *GRIDER V. KEYSTONE HEALTH PLAN CENTRAL, INC.*

Crescent completely ignored the Third Circuit's decision in *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119 (3d. Cir. 2009). See DeGennaro, Br., pp. 20-21. Although not binding on this Court, the Third Circuit's decision is highly persuasive and the only cited case that is directly on point. In *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119 (3d. Cir. 2009). In *Grider*, the Third Circuit reversed the district court's imposition of discovery sanctions because of the court's failure to conduct a "substantial justification" analysis, stating:

> As for the sanctions under 37(c)(1) imposed against the parties here, we conclude that the sanctions cannot stand for the same reasons that we discussed with respect to the sanctions under Rule 26(g). Rule 37(c)(1) is similar to Rule 26(g) in that it expressly includes the "substantial justification" standard; a district court may

>   impose sanctions where "[a] party that without substantial justification fails to disclose information required by" certain enumerated subsections of Rule 26. Fed.R.Civ.P. 37(c)(1) (2000) (emphasis added). ***Because Judge Gardner did not discuss or analyze the "substantial justification" standard in imposing sanctions under Rule 37(c)(1), we will vacate all sanctions under this rule against the corporate Appellants.***

*Grider v. Keystone Health Plan Central, Inc*., 580 F.3d at 141. (emphasis added). Likewise it would be entirely appropriate and warranted for this Court to conclude that *"Because Chief Judge Morris did not discuss or analyze the "substantial justification" standard in imposing sanctions under Rule 37(c)(1), we will vacate all sanctions under this rule against"* DeGennaro.

## IV.

## CRESCENT ADMITS
## *GRIDER V. KEYSTONE HEALTH PLAN CENTRAL, INC.*

At page 22 of his Brief, with specific citations to the record, DeGennaro represented that Crescent received "Substantially All of Innovative's Financial, Accounting, Tax and Banking Records from Provident Bank in September 2019." Crescent did not dispute that fact. Therefore, if Crescent could point to no evidence in the hundreds of pages of financial records of Innovative dating back to 2010 to making the most basic showing of diversion of trust funds, then it failed to meet its discovery burden. In order to justify the extremely overbroad nature of its document requests in and to DeGennaro personally, it necessarily must have first made a showing from those directly relevant financial records that there would likely be discoverable evidence from DeGennaro's personal financial records dating back

It is DeGennaro's contention that it was precisely Crescent's realization as to the lack of evidentiary support for its Lien Law diversion claim that caused it to convert this case into a discovery sanctions prosecution effort based alleged and unfounded failure to comply with discovery requests.

## **CONCLUSION**

For all of the foregoing reasons Defendant respectfully requests that the Court reverse and vacate that part of the Sanctions Order #2 that imposed sanctions in the amount of $22,500.

Dated: New York, New York
November 13, 2020

                                  RUTA SOULIOS & STRATIS LLP

                                  By: /s/ Steven A. Soulios
                                  Steven A. Soulios, Partner
                                  211 East 43rd Street
                                  New York, New York 10017
                                  212-997-4500
                                  *Attorneys for Charles DeGennaro III*